IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES BOYLE AND CINDY BOYLE,<br><br>*Plaintiff*,<br><br>vs.<br><br>TYCO FIRE PRODUCTS L.P.; JOHNSON CONTROLS, INC.; CHEMGUARD, INC.; CHEMDESIGN PRODUCTS, INC.; ROBERT E. LEE & ASSOCIATES, INC., AYERS ASSOCIATES, INC., SEVENSON ENVIRONMENTAL SERVICES, INC., and JOHN DOE DEFENDANTS 1-20,<br><br>*Defendants*. | Case No. 22-cv-725<br><br>NOTICE OF REMOVAL |

Defendant Tyco Fire Products LP ("Tyco") hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, from the Circuit Court of the State of Wisconsin, Dane County ("Dane County Circuit Court"), to the United States District Court for the Western District of Wisconsin. As grounds for removal, Tyco alleges as follows on personal knowledge as to its own status and on information and belief as to all other matters:

**INTRODUCTION**

1. Tyco, in its own name and through its predecessor in interest, the Ansul Company, has operated facilities in Marinette, Wisconsin for many decades. (As used herein, "Tyco" includes reference to Ansul when the company and the Marinette facilities operated under that name.) One of those facilities is the Ansul Fire Technology Center ("AFTC"), which began operations in the early 1960s. Among its other activities at the AFTC over the decades, Tyco has designed, manufactured, tested, and used—and worked with others to test and use—aqueous film-

4856-9242-5541

forming foam ("AFFF"), a firefighting agent that is uniquely effective in controlling and extinguishing liquid fuel fires. Fluorinated chemicals known as per- and polyfluoroalkyl substances ("PFAS") are essential components of AFFF. At times in the past, the PFAS used in various types of AFFF included perfluorooctanoic acid ("PFOA") and/or perfluorooctane sulfonic acid ("PFOS") and/or chemical precursors that could degrade into those compounds. Even today, trace levels of PFOA are unavoidably present in AFFF.

2. Plaintiffs Charles Boyle and Cindy Boyle allege that they have been injured because PFAS (including PFOA and PFOS) from AFFF have been released from the AFTC into the environment, resulting in damage to their property and persons.

3. Plaintiffs alleged injuries have been caused at least in part by AFFF testing conducted at the AFTC by the United States military in the 1960s and again in the 1990s. Tyco allowed the AFTC to be used by the military for such testing, and assisted in that testing, pursuant to contractual obligations to, or other directives from, the military. Military agencies, as agencies of the United States, are immune from suit for the discretionary activity of AFFF testing. As a matter of federal law under the doctrine of *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), as extended by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), Tyco enjoys derivative immunity for allowing its property to be used by the military for AFFF testing, and assisting in such testing, pursuant to government directives.

4. Thus, insofar as Plaintiffs' claims against Tyco arise from testing of AFFF at the AFTC by or at the direction of the military, Tyco has a federal defense to Plaintiffs' state-law claims. Under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), Tyco is entitled to remove this action in order to have its federal defense adjudicated in a federal forum. *See Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-82 (7th Cir. 2012). Such removal "fulfills the federal officer

removal statute's purpose of protecting persons who, through contractual relationships with the Government, perform jobs that the Government otherwise would have performed." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 133 (2d Cir. 2008).

## BACKGROUND

5. This action was filed on November 23, 2022, in the Dane County Circuit Court, bearing Case No. 2022CV002962. *See* Ex. A, Complaint. Tyco was served on December 7, 2022. Tyco is aware of no other proceedings before the Dane County Circuit Court in this matter. Removal is timely under § 1446(b)(1).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 130(b) and 1441(a) because the Dane County Circuit Court is located within the Western District of Wisconsin.

7. Plaintiffs allege that Tyco has manufactured and/or used AFFF at the AFTC. Compl. ¶ 5. Plaintiffs further allege that Defendants Chemguard, Inc., a corporate affiliate of Tyco, and ChemDesign Products, Inc., an entity independent of Tyco, likewise manufactured AFFF used at the AFTC. *Id.* ¶ 6. The Complaint also alleges that Defendant Johnson Controls, Inc., another affiliate of Tyco, has provided environmental consulting and management services to Tyco. *Id.* ¶ 18. According to the Complaint, AFFF containing PFAS manufactured and used by the Defendants has been released from the AFTC to nearby drinking water sources, surface waters, and other natural resources and properties, including property owned by Plaintiffs. *Id.* ¶¶ 7, 202–06.

8. In addition, the Plaintiffs allege that Defendants Robert E. Lee & Associates, Inc., Ayres Associates, Inc., and Sevenson Environmental Services were contracted to dredge contaminated sediment from Menekaunee Harbor. *Id.* ¶¶ 172–79. Plaintiffs allege that castoff

sediment from the project was placed near their property, that the sediment contained PFAS, and that runoff from the sediment leached onto their property. *Id.* ¶¶ 182–191.

9. Plaintiffs assert claims against all Defendants for negligence (*id.* ¶¶ 232–246; 297–311); ultrahazardous/abnormally dangerous activity and strict liability (*id.* ¶¶ 247–268; 312–330); private nuisance (*id.* ¶¶ 269–281; 331–343); and trespass (*id.* ¶¶ 282–296; 344–358). Plaintiffs also seek punitive damages. *Id.* ¶¶ 359–363; Prayer for Relief.

10. Plaintiffs allege that Defendants' actions have caused property damage and interfered with Plaintiffs' enjoyment of their property. *Id.* ¶¶ 202–03; 226. Plaintiffs further allege that Plaintiffs have developed adverse health effects and suffered economic loss as a result of Defendants' conduct. *Id.* ¶¶ 208–230. Plaintiffs seek general, compensatory, exemplary, consequential, nominal, and punitive damages for their personal injury and property damages allegedly arising out Defendants' conduct. *Id.* at Prayer for Relief.

11. Tyco is not required to notify or obtain the consent of any other Defendant in this action to remove this action as a whole under § 1442(a)(1). *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Linden v. Chase Manhattan Corp.*, 1999 WL 518836, at *1 (S.D.N.Y. July 21, 1999); *Torres v. CBS News*, 854 F. Supp. 245, 246 n.2 (S.D.N.Y. 1994).

12. Pursuant to 28 U.S.C. § 1446(d), Tyco is serving a copy of this Notice of Removal upon all other parties to this case, and Tyco is filing a copy with the Clerk of the Dane County Circuit Court.

13. By filing a Notice of Removal in this matter, Tyco does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Tyco specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

14. Tyco reserves the right to amend or supplement this Notice of Removal.

## MILITARY TESTING OF AFFF AT THE AFTC

15. At all times relevant here, the Navy has conducted research using its own personnel and has also entered into contracts with private entities to conduct or assist in research relating to the Navy's mission. In 1961, Tyco received a contract from the Navy to design and test fire-suppression hardware, initially intended to be used with dry chemicals. In the summer of 1962, the Navy invoked its rights under the contract to use the AFTC to test experimental fire-suppression agents that included PFAS-containing AFFF and to enlist Tyco's assistance in the testing. The testing included applying the AFFF to live fires. Navy representatives applied the AFFF themselves or directed Tyco personnel to apply the AFFF, with full awareness of the physical circumstances of the AFTC testing area. In spring 1963, the Navy identified a PFAS-containing AFFF formulation that it deemed optimum based on available materials, designated "FX-183." In November 1963, U.S. Air Force representatives went to the AFTC to witness testing of FX-183 AFFF.

16. In April 1964, the Navy initiated a contract change with Tyco to add FX-183 AFFF, in addition to dry chemicals, to the fire suppression hardware Tyco was developing pursuant to its contract. Fire tests demonstrated that the resulting "dual system" could extinguish large-scale fires. In September 1964, Navy representatives again invoked rights under the contract with Tyco to use the AFTC and enlist Tyco's assistance to test, observe, and evaluate this dual system apparatus in use against several types of fires, including simulated aircraft crash fires. Navy representatives applied the AFFF themselves or directed Tyco personnel to apply the AFFF, with full awareness of the physical circumstances of the AFTC testing area.

17. Another round of military testing was conducted at the AFTC in 1995. The Air Force had begun a series of fire tests on October 3, 1995 on experimental AFFF compositions, referred to as Series DX5216 3% AFFF-EMB agents, at Tyndall Air Force Base. That testing was cut short because of Hurricane Opal. In order to continue the test series, the project temporarily moved to the AFTC, where Air Force personnel tested the AFFF compositions, with full awareness of the physical circumstances of the AFTC testing area.

18. The AFFF tested by the military as described above contained PFOS, PFOA and/or fluorochemicals that may degrade to form PFOS or PFOA. As a result of that testing, those compounds and other PFAS were released into the environment at and near the AFTC. Those releases have caused or materially contributed to the harms that Plaintiffs allege in this action.

19. In conducting the testing described above, the military agencies acted within the scope of their statutory and other legal authority and made discretionary judgments to test the AFFF, to use Tyco's AFTC for that purpose, and to enlist Tyco's assistance in the testing. In making the AFTC available and assisting in that testing, Tyco acted at all times entirely within the scope of its contractual obligations or other directions received from the military agencies. At all relevant times, Tyco knew no more about the alleged hazards of PFAS or AFFF or the potential environmental or other consequences of such testing at the AFTC than did the military agencies themselves.

**REMOVAL IS PROPER UNDER THE FEDERAL
OFFICER REMOVAL STATUTE, 28 U.S.C. § 1442(a)(1)**

20. Removal here is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal of an action relating to a defendant's acts undertaken at the direction of a federal agency or officer. Removal is appropriate under that provision where the removing defendant plausibly alleges that: (1) it was a "person" (2) "acting under" the United

6

States, its agencies, or its officers (3) that has been sued "for or relating to any act under color of such office," and (4) has a colorable federal defense to the plaintiff's claims. *Ruppel*, 701 F.3d at 1180-81; *see also* 28 U.S.C. § 1442(a)(1); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

21. Removal rights under the federal officer removal statute are much broader than under the general removal statute, 28 U.S.C. § 1441. Suits against defendants acting on behalf of federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Acker*, 527 U.S. at 431. This is because Section 1442(a)(1) protects "the government's need to provide a federal forum for its officers and those who are 'acting under' a federal office." *Albrecht v. A.O. Smith Water Prods.*, No. 11 Civ. 5990(BSJ), 2011 WL 5109532, at *3 (S.D.N.Y. Oct. 21, 2011) (citation omitted). This important federal policy "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *see Durham*, 445 F.3d at 1252. To the contrary, Section 1442(a)(1) "must be liberally construed" in favor of removal. *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007) (internal quotation and citation omitted); *accord Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018).

22. All requirements for removal under § 1442(a)(1) are satisfied here.

23. The first requirement for removal under the federal officer removal statute is satisfied here because Tyco, as a limited partnership, is a "person" under the statute. For purposes of Section 1442(a)(1), the term "person" includes "corporations, companies, associations, firms, [and] partnerships." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016) (quoting 1 U.S.C. § 1); *accord Ruppel*, 701 F.3d at 1181.

24. The second requirement, that the defendant was "acting under" a federal officer, is satisfied when an entity assisted or helped carry out the duties or tasks of a federal officer. *Papp*, 842 F.3d at 812. The phrase "acting under" is to be "liberally construed in favor of the entity seeking removal." *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 255 (4th Cir. 2017) (internal quotation marks omitted).

25. The requirement of "acting under" federal office is met here because Tyco acted under the authority and direction of military agencies in making the AFTC available for the military's testing of PFAS-containing AFFF and assisting the military in carrying out that testing.

26. The third requirement, that the defendant's actions taken "under color of federal office" have a nexus with plaintiff's claims or injuries or be otherwise related to the lawsuit, erects a hurdle that "is quite low." *Isaacson*, 517 F.3d at 137.[1] To show the required nexus, it is sufficient for a defendant to establish only "a *connection or association* between the act in question and the federal office." *Sawyer*, 860 F.3d at 258 (quoting *Papp*, 842 F.3d at 813 (adding emphasis)).

27. Here, Plaintiffs' claims arise at least in part from Tyco's acts under the authority and direction of military agencies, including under its contractual obligations with the government, to make the AFTC available for the military's testing of PFAS-containing AFFF and to assist in that testing. That testing caused the release of PFOS, PFOA, and/or fluorochemicals that may degrade to form PFOS or PFOA, and those releases have caused or materially contributed to the harms that Plaintiffs allege in this action. The nexus between Plaintiffs' alleged injuries and Tyco's actions under color of federal office is clear.

---

[1] The "acting under" and "under color of" prongs overlap. Both "are satisfied if the actions subject to suit resulted directly from government specifications or direction." *Albrecht*, 2011 WL 5109532, at *5.

28. The fourth requirement, that the defendant allege a "colorable federal defense," is satisfied by Tyco's assertion of the defense of derivative immunity under *Yearsley* and *Campbell-Ewald*.

29. At the removal stage, a defendant need only show that its federal defense is colorable, *Sawyer*, 860 F.3d at 254, that is, "that the defense was 'legitimate and [could] reasonably be asserted, given the facts presented and the current law.'" *Papp*, 842 F.3d at 815 (alteration in original) (citation omitted). "A defendant 'need not win his case before he can have it removed.'" *Id.* (quoting *Willingham*, 395 U.S. at 407); *see also Isaacson*, 517 F.3d at 139 ("To be 'colorable,' the defense need not be 'clearly sustainable,' as the purpose of the statute is to secure that the validity of the defense will be tried in federal court." (citation omitted)). At the removal stage, the inquiry "is purely jurisdictional, and neither the parties nor the district courts should be required to engage in fact-intensive motion practice, pre-discovery, to determine the threshold jurisdictional issue." *Cuomo v. Crane Co.*, 771 F.3d 113, 116 (2d Cir. 2014).[2] Moreover, "this inquiry is undertaken whilst viewing the facts in the light most favorable to Defendants." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 783–84 (E.D. Pa. 2010). "Precisely in those cases where a plaintiff challenges the factual sufficiency of the defendant's defense, the defendant should 'have the opportunity to present [his] version of the facts to a federal, not a state, court.'" *Cuomo*, 771 F.3d at 116 (alteration in original) (citation omitted).

30. Under the *Yearsley* doctrine of derivative immunity, "[w]here the [Federal] Government's 'authority to carry out [a] project was validly conferred, that is, if what was done was within

---

[2] *See also Kraus v. Alcatel-Lucent*, No. 18-2119, 2018 WL 3585088, at *2 (E.D. Pa. July 25, 2018) ("A court does not 'determine credibility, weigh the quantum of evidence or discredit the source of the defense' at this stage. Instead, [the court] only determine[s] whether there are sufficient facts alleged to raise a colorable defense." (internal citation omitted)).

the constitutional power of Congress,' . . . 'there is no liability on the part of the contractor' who simply performed as the Government directed." *Campbell-Ewald*, 136 S. Ct. at 673 (quoting *Yearsley*, 309 U.S. at 20–21).

31. Tyco has a colorable *Yearsley* defense here. In directing Tyco to allow military testing of AFFF at the AFTC and to assist in that testing, the military agencies acted within the scope of their statutory and other authority. For its part, Tyco acted entirely within the scope of its contractual obligations or other directions received from the military agencies.

\* \* \*

WHEREFORE, Tyco hereby removes this action from the Circuit Court of the State of Wisconsin, Dane County, to this Court.

RESPECTFULLY SUBMITTED this 21st day of December, 2022.

/s/ Bryan T. Mette
Bryan T. Mette, WBN 1125800
**FOLEY & LARDNER LLP**
150 East Gilman Street, Suite 5000
Madison, WI 53703-1482
Phone: 608.258.4292
Facsimile: 608.258.4258
Email: bmette@foley.com

Matthew D. Krueger, WBN 1096923
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202
Phone: 414.319.7057
Facsimile: 414.297.4900
Email: mkrueger@foley.com

*Attorneys for Defendants Tyco Fire Products LP*

4856-9242-5541

# CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I electronically transmitted the foregoing Notice of Removal to the Clerk's Office using the CM/ECF System for filing and delivered a copy of the foregoing via United States Mail to the following:

Casey P. Shorts
**The Previant Law Firm, S.C.**
310 West Wisconsin Ave, Suite 100MW
Milwaukee, WI 53203

Elizabeth A. Bailey
**Saltz Mongeluzzi and Bendesky**
1650 Market St., 52nd Floor
Philadelphia, PA 19103

*Counsel for Plaintiffs*


Jonathan Blakley, Esq.
**Gordon Rees Scully Mansukhani, LLP**
One North Franklin, Suite 800
Chicago, IL 60606
jblakley@grsm.com
*Counsel for Defendant ChemDesign Products, Inc.*

Robert E. Lee & Associates, Inc.
1250 Centennial Centre Blvd.
Hobart, WI 54155
*Defendant*

Ayres Associates, Inc.
3433 Oakwood Hills Parkway
Eau Claire, WI 54701
*Defendant*

Sevenson Environmental Services, Inc.
2749 Lockport Road
Niagara Falls, NY 14305
*Defendant*

4856-9242-5541