Case 2:22-cv-00725-wmc Document #: 37 Filed: 04/12/23 Page 1 of 6
Case 2:18-mn-02873-RMG   Date Filed 04/12/23   Entry Number 2988   Page 1 of 6
Case MDL No. 2873   Document 1869   Filed 04/10/23   Page 1 of 6

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION  MDL No. 2873

## TRANSFER ORDER

**Before the Panel**:\*  Plaintiffs in the nine actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred their respective actions to the District of South Carolina for inclusion in MDL No. 2873. Defendants Tyco Fire Products, L.P., and Chemguard, Inc., oppose the motions to vacate as to all nine actions. Defendant 3M Company opposes the motions to vacate as to the *State of California* and the *City of Philadelphia* actions.

Plaintiffs in all nine actions argue that federal subject matter jurisdiction over their respective actions is lacking, and that pending motions for remand to state court should be decided before transfer. We are not persuaded by these arguments. The Panel has held that jurisdictional objections such as those asserted in these actions generally do not present an impediment to transfer.[1]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge."). "This is so even where, as here, plaintiffs assert that the removals were patently improper." *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).[2]

---

\* Judge David C. Norton did not participate in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[2] Plaintiffs in *Ellison-Wood* and the six Wisconsin actions argue that removal jurisdiction over their actions is lacking based on the transferee court's recent denial of defendants' omnibus summary judgment motion pertaining to government contractor immunity. But "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus we regularly order transfer of actions over the objection that remand is required under applicable precedent." *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720, 2017 WL 4582708, at \*1 (J.P.M.L. Aug. 2, 2017). Likewise, judging the applicability of the transferee court's summary judgment ruling to plaintiffs' remand motions is beyond the Panel's remit.

2:18-mn-02873-RMG    Date Filed 04/12/23    Entry Number 2988    Page 2 of 6    Case MDL No. 2873   Document 1869   Filed 04/10/23   Page 2 of 6

Case: 3:23-cv-00725-wmc   Document #: 37   Filed: 04/12/23   Page 2 of 6

- 2 -

Plaintiff in *State of California* insists that the Panel is constitutionally obligated to hear the plaintiff's jurisdictional challenge. This argument is not persuasive. As plaintiff points out, subject-matter jurisdiction refers to "a tribunal's power to hear a case." *Union Pac. R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). But the tribunal before which *State of California* is pending is the Northern District of California, not the United States Judicial Panel on Multidistrict Litigation, and that will remain so unless and until the Panel's transfer order is filed in the transferee court. *See* 28 U.S.C. § 1407(c) ("Orders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the district court of the transferee district and shall be effective when thus filed."). The MDL docket in which the conditional transfer order was issued, and in which the State's *motion to vacate* is pending, is an entirely separate proceeding. *See* Panel Rule 1.1(e) (defining "MDL" as "a multidistrict litigation docket which the Panel is either considering or has created by transferring cases to a transferee district for coordinated or consolidated pretrial proceedings pursuant to Section 1407").

Consistent with this procedural posture, Panel Rule 2.1(d) states that "[t]he pendency of a motion . . . [or] conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Thus, at any time while plaintiff's motion to vacate is pending, the transferor court may decide the remand motion in *State of California*. Should the transferor court grant remand, the Panel necessarily will vacate the conditional transfer order because no federal civil action would remain to be transferred. In contrast to this straightforward approach, the alternative interpretation proposed by plaintiff—that the transferor court and the Panel essentially have concurrent authority to decide jurisdiction—would quickly lead to inconsistent pretrial rulings and nonsensical results.[3]

Accordingly, the Panel and other courts have consistently held that "'Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ford Motor Co.*, 289 F. Supp. 3d at 1352 (quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)). The scope of the Panel's authority under Section 1407 is limited—namely, to transfer "civil actions involving one or more common questions of fact" that are "pending in different districts" to a single district for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). Put another way, "[a] transfer under Section 1407 is,

---

[3] For instance, in a situation such as here, the Panel might decide that subject-matter jurisdiction over *State of California* does not exist and deny transfer. We would have no power, though, to order remand to state court because the action itself is not before us. Were the transferor court to subsequently find the existence of subject-matter jurisdiction and deny remand, the result would be that an action related to the actions in the MDL could not be transferred (unless the Panel reconsidered its jurisdictional ruling), which would lead to duplicative pretrial proceedings. *Cf. In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1381 (J.P.M.L. 2020) (rejecting argument that transferee court's alleged lack of personal jurisdiction precluded transfer and noting that "[r]equiring the Panel to decide jurisdictional questions creates a multiple-decider problem, as a district court—whether the transferor court or the transferee court—has a duty to review its jurisdiction over matters before it") (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577–78 (1999)).

2:18-mn-02873-RMG     Date Filed 04/12/23     Entry Number 2988     Page 3 of 6
Case MDL No. 2873   Document 1869   Filed 04/12/23   Page 3 of 6

- 3 -

in essence, a change of venue for pretrial purposes." *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976). Jurisdiction, though, "is vital only if the court proposes to issue a judgment on the merits," which occurs when a court assumes "substantive law-declaring power." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 433 (2007) (citations and internal quotation marks omitted). *Cf. In re LimitNone, LLC*, 551 F.3d 572, 576–77 (7th Cir. 2009) (denying petition for writ of mandamus from district court's order transferring action under 28 U.S.C. § 1406 without first deciding subject-matter jurisdiction).[4] Plaintiff does not and cannot argue that the Panel, in ordering transfer of its action, is ruling on the merits of its claims or otherwise assuming "substantive law-declaring power." Plaintiff's argument that the Panel must independently determine whether there is federal subject-matter jurisdiction over *State of California* is not well taken.

Several plaintiffs additionally argue that transfer will delay adjudication of their remand motions because the transferee court is focused on other pretrial proceedings (namely, the upcoming bellwether trial and the United States' anticipated motion to dismiss asserting immunity arguments). We are not persuaded by these arguments. The transferee court has in place a procedure that allows parties to raise remand arguments following transfer. It has decided several such motions, most recently on August 24, 2022, when it denied a remand motion in an action that had only recently been transferred to the MDL. That three other remand motions remain pending does not justify plaintiffs' conclusion that transfer inevitably will lead to unreasonable delay. We take issue, however, with defendants' apparent nonchalance regarding the promptness with which remand motions in multidistrict litigation are decided. *See* Opp. Br. at 11, MDL No. 2873 (J.P.M.L. filed Feb. 14, 2023), ECF No. 1757 ("Plaintiffs will suffer no prejudice from litigating pretrial matters in the MDL while their motions to remand are pending there, however long that might be. They do not seek emergency relief."). Plaintiffs are entitled to a ruling on their motions to remand. We are confident that the transferee court will address their motions in due course. *See, e.g.*, *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 127–28 (2d Cir. 2010) (Kaplan, J. concurring) (citations omitted).

The motions to vacate by plaintiffs in *State of California*, *Ellison-Wood*, and the six Wisconsin actions are limited to jurisdictional objections to transfer. Plaintiff in *City of Philadelphia*, however, additionally argues that its claims, unlike those in the MDL, encompass all types of contamination by per- or polyfluoroalkyl substances (PFAS) affecting the City of Philadelphia, including contamination stemming from sources other than aqueous film-forming

---

[4] Plaintiff notes that the Fourth Circuit disagreed with *In re LimitNone* in *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 208 n.4 (4th Cir. 2022), but fails to realize the significance of the disagreement. The venue transfer decisions in both *In re LimitNone* and *Whitaker* turned on application of forum selection clauses. The Fourth Circuit in *Whitaker* held that application of the forum selection clause in that case "require[d] engagement in the merits of the case" and, for that reason, the district court erred in not first determining jurisdiction. *Id.* at 208. In contrast, we are not engaging in the merits of plaintiff's claims. Section 1407 narrowly circumscribes the factors the Panel may consider when deciding to transfer an action for coordinated or consolidated pretrial proceedings. *See* 28 U.S.C. § 1407 (a) (authorizing transfer when civil actions "involv[e] one or more common questions of fact" and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions").

- 4 -

foams (AFFF). Plaintiff thus contends that its action is not predominantly an AFFF case appropriate for inclusion in MDL No. 2873.

This argument lacks merit. Plaintiff sues AFFF manufacturers, explicitly claims that some of the alleged contamination of the City's waters stems from AFFF use or disposal, and identifies at least two sites where AFFF was used (Philadelphia International Airport and Northeast Philadelphia Airport). Plaintiff's complaint even characterizes AFFF as "a major source of PFAS contamination in the City." Compl. ¶ 117, *City of Phila. v. Kidde Fenwal, Inc.*, C.A. No. 2:22-04779 (E.D. Pa.), ECF No. 1-1. *City of Philadelphia* thus will require discovery regarding the toxicity of PFAS and its effects on human health, as well as discovery regarding the AFFF manufacturers' knowledge of the dangers of PFAS, their warnings and instructions regarding the use of AFFF, and any conspiracy or cooperation to conceal the dangers of PFAS. *Cf. In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018) (identifying common factual questions warranting creation of MDL No. 2873). "Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005). That *City of Philadelphia* encompasses both AFFF and non-AFFF sources of contamination does not eliminate the common factual questions and discovery relating to PFAS and AFFF that *City of Philadelphia* will share with the actions in the MDL. *See* Transfer Order at 2, MDL No. 2873 (J.P.M.L. Jun. 5, 2019), ECF No. 446 ("Plaintiff suggests that our initial centralization order limited this MDL to cases alleging only contamination from AFFFs, but our order merely excluded from the MDL actions that did not contain *any* allegations relating to AFFFs. That the Town alleges *additional* sources of contamination is no obstacle to transfer.") (emphasis in original; internal citation omitted).

Plaintiff in *City of Philadelphia* further argues that transfer will not promote convenience or efficiency because relevant witnesses and evidence are located outside South Carolina and most of the parties to *City of Philadelphia* have not sought transfer. These facts, though, describe many, if not most, of the actions in the MDL. In any event, transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Furthermore, centralization is for pretrial proceedings only, and there usually is no need for parties or witnesses to travel to the transferee court for depositions or court hearings. *See In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003).

Accordingly, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOS and/or PFOA into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances'

- 5 -

chemical properties and propensity to migrate in groundwater supplies. *See In re AFFF*, 357 F. Supp. 3d at 1394. All nine of these actions will share common questions of fact with the AFFF actions in the MDL and will benefit from inclusion in the centralized proceedings.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

Case 3:22-cv-00725-wmc Document #: 37 Filed: 04/12/23 Page 6 of 6
2:18-mn-02873-RMG   Date Filed 04/12/23   Entry Number 2988   Page 6 of 6
Case MDL No. 2873   Document 1869   Filed 04/10/23   Page 6 of 6

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION   MDL No. 2873

## SCHEDULE A

<u>Northern District of California</u>

THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. ROB BONTA,
   ATTORNEY GENERAL OF CALIFORNIA v. 3M COMPANY, ET AL.,
   C.A. No. 4:22−09001

<u>Eastern District of Pennsylvania</u>

CITY OF PHILADELPHIA v. KIDDE FENWAL, INC., ET AL., C.A. No. 2:22−04779

<u>Northern District of Texas</u>

ELLISON−WOOD v. CHEMGUARD, INC., ET AL., C.A. No. 4:22−01057

<u>Western District of Wisconsin</u>

BEARSON, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00724
BOYLE, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00725
BOZELKA, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00726
CLOCHESY, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL, C.A. No. 3:22−00727
FURTON, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00728
VERSCHAY, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00729